UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHARY EVERETT, on behalf of herself and all others similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br>MCI, INC., a Delaware Corporation,<br><br>       Defendant. | No. 07 Civ. 9590 (DC) |

**MEMORANDUM OF LAW
IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE TO FILE
[PROPOSED] FIRST AMENDED CLASS ACTION COMPLAINT**

**TABLE OF CONTENTS**

I.     PRELIMINARY STATEMENT ................................................................................... 1

II.    FACTUAL BACKGROUND………………………………………………………..1

III.   PROCEDURAL HISTORY...................................................................................... 2

       A.    The Amended Complaint....................................................................... 3

       B.    MCI Does Not Oppose Plaintiff's Motion to Amend Her Complaint .................... 4

III.   LEAVE TO AMEND SHOULD BE GRANTED, AS AMENDMENT WOULD PROMOTE A RESOLUTION OF THIS DISPUTE ON THE MERITS, AND NO CIRCUMSTANCE WEIGHS AGAINST ALLOWING AMENDMENT......................... 4

IV.   CONCLUSION......................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Blatch v. Franco*
   No. 97 Civ. 3918, 1998 U.S. Dist. LEXIS 7717 (S.D.N.Y. May 22, 1998) ................................ 7

*Block v. First Blood Assocs.*
   988 F.2d 344 (2d Cir. 1993) ................................................................................................ 5

*Foman v. Davis*
   371 U.S. 178 (1962) .............................................................................................................. 5

*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*
   756 F.2d 230 (2d Cir. 1985) ................................................................................................ 6

*In re AMF Bowling Sec. Litig.*
   No. 99 Civ. 3023, 2003 U.S. Dist. LEXIS 7389 (S.D.N.Y. May 1, 2003) ............................... 5

*Innomed Labs, LLC v. Alza Corp.*
   No. 01 Civ. 8095, 2002 U.S. Dist. LEXIS 13298 (S.D.N.Y July 23, 2002) ........................... 8

*Madison Fund, Inc. v. Denison Mines, Ltd.*
   90 F.R.D. 89 (S.D.N.Y. 1981) ............................................................................................... 7

*Nyscoseal, Inc. v. Parke, Davis & Co.*
   28 F.R.D. 24 (S.D.N.Y. 1961) ............................................................................................... 6

*Schonfeld v. Hilliard*
   No. 95 Civ. 3052, 1997 U.S. Dist. LEXIS 4515 (S.D.N.Y. Apr. 10, 1997) ............................ 7

*St. Paul Fire & Marine Ins.*
   No. 91 Civ. 0748, 1995 U.S. Dist. LEXIS 19847 (S.D.N.Y. Dec. 30, 1995) ......................... 6

*State Teachers Retirement Bd. v. Fluor Corp.*
   654 F.2d 843 (2d Cir. 1981) ................................................................................................ 5

*Sumitomo Elec. Research Triangle, Inc. v. Corning Glass Works*
   109 F.R.D. 627 (S.D.N.Y. 1986) ........................................................................................... 7

*Valjean Mfg. Inc. v. Michael Werdiger, Inc.*
   No. 03 Civ. 6185, 2004 U.S. Dist. LEXIS 7016 (S.D.N.Y. Apr. 21, 2004) ........................... 6

**Statutes**

Fed. R. Civ. P. 12 ............................................................................................................................. 3

Fed. R. Civ. P. 15 ............................................................................................................................. 5

**I.     PRELIMINARY STATEMENT**

Plaintiff Shary Everett ("Plaintiff") respectfully submits this memorandum of law in support of her unopposed motion for leave of this Court to file her [Proposed] First Amended Class Action Complaint ("Amended Complaint").  The proposed amendments would add two class representatives, revise the class definition and streamline Plaintiff's claims, omitting the cause of action for violation of the filed tariff provisions of § 203 of the Communications Act of 1934.  The Amended Complaint would also update various allegations concerning the new class representatives, the current procedural posture of the case, and newly obtained information about the claims.  *See* Declaration of A.J. De Bartolomeo in Support of Unopposed Motion for Leave to File [Proposed] First Amended Class Action Complaint ("De Bartolomeo Decl."), Exh. B (Proposed Amended Complaint).  The proposed amendments are made in good faith, without undue delay, and will not cause undue prejudice or surprise to Defendant MCI, Inc.[1]

MCI does not oppose Plaintiff's motion.  *See* De Bartolomeo Decl., Ex. C (electronic mail exchange with MCI's counsel dated July 7, 2008).

Accordingly, in the interests of justice, Plaintiff should be granted leave to file the Amended Complaint.

**II.    FACTUAL BACKGROUND**

This case arises out of a "revenue enhancement" initiative undertaken by long-distance telephone carrier MCI from June 2002 through at least August 2005.  The company concluded it could earn a 3,600 percent return on its investment by implementing an aggressive new billing initiative directed at *non-customers* of MCI.  Using data feeds from local telephone service providers ("local exchange carriers" or "LECs"), MCI identified individual telephone lines it referred to as "Zero Usage/No Plan customers."  MCI's "Zero Usage/No Plan customers" were

---

[1]   As described in Plaintiff's proposed amended complaint, Verizon Business Global, LLC, itself formerly known as MCI LLC, is the successor in interest to Defendant MCI, Inc.  For the sake of simplicity, both entities, Verizon Business Global, LLC and MCI, Inc., will be referred to in Plaintiff's papers on her motion as "MCI."

1

people who appeared on MCI's electronic billing systems as *not using* MCI long-distance service and *not enrolled* in any MCI billing plan.

MCI justified billing these individuals by enrolling them (without their authorization) in a default calling plan called "Basic Dial-1" that provided for a "minimum usage" fee — a monthly fee that was assessed whether or not the consumer made any long-distance calls on the MCI network. MCI then billed these consumers for the monthly charges and other related fees and taxes, anticipating that the billings would generate an additional $24.6 million in revenue. MCI did not have contractual or other legal relationships with these consumers when it billed them. Although many consumers attempted to dispute the charges, MCI's customer service representatives resisted issuing credits to them. An internal MCI memorandum directed customer service representatives to try to convert these consumers to fully-fledged MCI customers enrolled in a long-distance plan, rather than to issue credits. MCI also referred consumers' unpaid charges to collections agencies.

Plaintiff and the proposed additional class representatives named in the Amended Complaint were charged these unauthorized minimum usage fees by MCI. Plaintiff and the proposed additional class representatives did not have contractual or other legal relationships with MCI at the time that the unauthorized charges were imposed.

## III. PROCEDURAL HISTORY

On July 18, 2005, Plaintiff filed this class action in the United States District Court for the District of Arizona on behalf of herself and all non-MCI customers who were billed monthly fees by MCI. *See* De Bartolomeo Decl., Ex. A (original complaint). In that initial complaint, Plaintiff alleged that: (1) MCI's creating new accounts for and billing monthly minimum usage fees to non-customers were unjust or unreasonable charges, practices, classifications or regulations in violation of Section 201 of the Communications Act; (2) MCI unjustly or unreasonably discriminated in charges, practices, classifications, regulations, facilities for or in connection with like communication service in violation of Section 202 of the Communications Act by reversing, refunding or crediting minimum usage fees to some, but not all affected

persons; (3) MCI charged, demanded, collected, or received compensation at rates greater or different than the rates specified in its tariffs in violation of Section 203 of the Communications Act, by charging minimum usage fees to non-customers; and (4) MCI's conduct gave rise to the common law claim of unjust enrichment. *See id.*, Ex. A, ¶¶ 38-63.

On September 29, 2005, MCI filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), contending that the case was moot, or in the alternative, that the case should be referred to the FCC under the doctrine of primary jurisdiction. On September 29, 2006, the Arizona District Court denied MCI's motion to dismiss and declined to refer the case to the FCC.

On October 31, 2006, MCI filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), or in the alternative for summary judgment. MCI argued that Ms. Everett's claims had been discharged and barred by the order approving the Chapter 11 reorganization plan of MCI's predecessor, WorldCom. In the alternative, MCI requested that the class action be referred to the bankruptcy court.

On May 24, 2007, the Arizona District Court referred this case to the United States Bankruptcy Court for the District of Arizona. On MCI's motion, that court transferred this case to the United States Bankruptcy Court for the Southern District of New York on June 13, 2007.

On October 30, 2007, Plaintiff moved for withdrawal of the reference of this action to the Bankruptcy Court. In its June 19, 2008 memorandum decision and June 23, 2008 amended memorandum decision, this Court granted Plaintiff's motion and withdrew the reference to the Bankruptcy Court. *See* Docket Nos. 16, 17.

    **A.**    **The Amended Complaint**

Plaintiff stated her intention to seek leave to amend her complaint in her papers in support of her motion for the withdrawal of reference, *See* Docket No. 1, p.13. A previous draft of Plaintiff's [Proposed] Amended Complaint was filed with her motion papers. *See id.*, Att. 7 (Declaration of A.J. De Bartolomeo in Support of Motion to Withdraw the Reference, Ex. U).

3

The Court cited the draft amended complaint in its orders withdrawing the reference. *See* Docket No. 16, at p.15, n.8, No. 17, at p.15, n.8. At a case management conference on June 23, 2008, Plaintiff's counsel reiterated her intention to file an amended complaint.

The Amended Complaint (submitted herewith) contains two principal categories of amendments. First, it names two additional class representatives — Tom Everett, Plaintiff Shary Everett's husband, and Candace Bentley, an Oklahoma resident who was charged unauthorized minimum usage fees by MCI — and sets forth allegations regarding these new parties. Second, it comports Plaintiff's original complaint to newly discovered facts and the procedural history of this case. Amendments in this second category include: additional details regarding MCI's billing practices and operations; the substitution of Verizon Business Global, LLC as Defendant MCI, Inc.'s successor-in-interest; a more closely-tailored class definition and class period; and a streamlining of the claims asserted, omitting the cause of action for violations of § 203 of the Communications Act.

### B.     MCI Does Not Oppose Plaintiff's Motion to Amend Her Complaint

In response to an inquiry from Plaintiff's counsel, MCI's counsel stated that MCI does not oppose Plaintiff's motion to amend her complaint. *See* De Bartolomeo Decl., Ex. C (electronic mail exchange with MCI's counsel dated July 7, 2008).

### III.    LEAVE TO AMEND SHOULD BE GRANTED, AS AMENDMENT WOULD PROMOTE A RESOLUTION OF THIS DISPUTE ON THE MERITS, AND NO CIRCUMSTANCE WEIGHS AGAINST ALLOWING AMENDMENT.

A plaintiff may amend his or her complaint "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Liberality in granting leave promotes the resolution of litigation on the merits. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993); *see also In re AMF Bowling Sec. Litig.*, 99 Civ. 3023 (DC), 2003 U.S. Dist. LEXIS 7389, *5 (S.D.N.Y. May 1, 2003) (Chin, J.) (holding that where "[t]he gravamen of plaintiffs' complaint remains" unchanged, "[t]he only possible reasons to reject the amendment would be prejudice to the defendant or misconduct by plaintiffs"). "In determining what constitutes 'prejudice,' we consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute . . . ." *Block*, 988 F.2d at 350. "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).

Here, Plaintiff's Amended Complaint delineates in greater detail the facts underlying MCI's unlawful billing of zero-users based information uncovered in discovery and Plaintiffs' continued investigation. A determination of this action on the merits will be better served by pleadings that conform with specificity to the actual facts. *See St. Paul Fire & Marine Ins. Co.*, No. 91 Civ. 0748 (MJL), 1995 U.S. Dist. LEXIS 19847, at *20 (S.D.N.Y. Dec. 30, 1995) ("[B]ecause the Federal Rules of Civil Procedure aim to facilitate the decision of cases on their merits, courts generally allow amendments to permit the presentation of the 'real issues of the case.'"); *Nyscoseal, Inc. v. Parke, Davis & Co.*, 28 F.R.D. 24, 25 (S.D.N.Y. 1961) ("[T]he draftsmen of Fed. R. Civ. P. 15 quite obviously intended that a party who, on investigation of the facts, discovers that the matters in dispute are not as first supposed ought not to be required to stand on his initial formulation of claims or defenses.").

Furthermore, Plaintiff is seeking leave to amend in a timely manner. As discussed above, the reference to the Bankruptcy Court was withdrawn just days prior to the filing of this motion. As such, the filing of the Amended Complaint will hardly affect MCI's pretrial preparation before this Court. *See Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F.2d 230, 236 (2d Cir. 1985) ("[I]n the preliminary stages of the lawsuit, the trial court should permit discovery and freely grant leave to amend the complaint under Rule 15."). Further, the inclusion of the two additional named plaintiffs at this stage imposes no unfair surprise on MCI. MCI has long been aware of Plaintiff's intention to include her husband and Ms. Bentley in this suit. In fact, MCI conducted depositions of both Mr. Everett and Ms. Bentley over a year ago.

The Amended Complaint does not fundamentally change Plaintiffs' theory of liability—namely, *that MCI made unauthorized charges to persons who were not its customers*. Under these circumstances, leave to amend would be warranted even if the proceedings in this Court were substantially more advanced. *See Valjean Mfg. Inc. v. Michael Werdiger, Inc.*, No. 03 Civ. 6185 (HB), 2004 U.S. Dist. LEXIS 7016, at *4 (S.D.N.Y. Apr. 21, 2004) (granting leave to amend complaint where discovery had closed and motion to dismiss was pending) ("Despite [defendant] MWI's assertions, a comparison of the two complaints demonstrates that none of Valjean's proposed claims are new, but rather, some assert new theories, allegedly gleaned from recent depositions, in support of the same underlying claims."); *Schonfeld v. Hilliard*, No. 95 Civ. 3052 (MBM), 1997 U.S. Dist. LEXIS 4515, at *11 (S.D.N.Y. Apr. 10, 1997) (granting plaintiff leave to file amended complaint adding fraud claim after close of discovery, and rejecting defendants' argument that amendment completely changed theory and nature of case) ("[T]he issues in this case remain essentially what they were when plaintiff filed his original

6

complaint . . . ."); *Madison Fund, Inc. v. Denison Mines, Ltd.*, 90 F.R.D. 89, 92 (S.D.N.Y. 1981) (granting leave to amend over defendants' objection that proposed amendments contradicted original complaint and focus of discovery to date) ("Madison Fund's amended complaint does not radically change the nature of Madison Fund's original complaint.  Rather, these additional . . . claims arise out of the same series of transactions and simply conform the pleadings to the evidence thus far brought to light by discovery."); *Blatch v. Franco*, 97 Civ. 3918 (DC), 1998 U.S. Dist. LEXIS 7717, *22 (S.D.N.Y. May 22, 1998) (Chin, J.) (granting motion to amend to include additional plaintiffs where "their claims and the claims of the named plaintiffs share questions of law in common.").  Thus, as reflected by the above-described factors and MCI's decision not to oppose Plaintiff's motion to amend, MCI will not suffer any prejudice from the proposed amendments.  *See* De Bartolomeo Decl., Ex. B (July 7, 2008 e-mail exchange with MCI's counsel).

     Finally, this case is not one where Plaintiff has repeatedly failed to correct deficiencies by previous amendments, nor can amendment be deemed futile, as no challenge to the initial complaint was sustained.  *See Sumitomo Elec. Research Triangle, Inc. v. Corning Glass Works*, 109 F.R.D. 627, (S.D.N.Y. 1986) ("[O]n a motion for leave to amend, the court need not finally determine the merits of a proposed claim or defense, but merely satisfy itself that it is colorable and not frivolous. . . . Unless the claim or defense is patently frivolous, the court is enjoined to exercise liberality in permitting it to be added by amendment."); *see also Innomed Labs, LLC v. Alza Corp.*, No. 01 Civ. 8095 (HB), 2002 U.S. Dist. LEXIS 13298, at *7 (S.D.N.Y July 23, 2002) ("Futility [for purposes of leave to amend] . . . is a minimal standard to overcome — perhaps the lowest bar.").

Thus, as Plaintiff's motion for leave to amend is untainted by undue delay, bad faith, undue prejudice to MCI, or futility — and is not opposed by MCI — leave to amend should be granted.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks the Court to grant her unopposed motion for leave to file her [Proposed] First Amended Class Action Complaint.

Dated: July 14, 2008                                         Respectfully submitted,

**GIRARD GIBBS LLP**

    */s/ A.J. De Bartolomeo*
A. J. De Bartolomeo (*pro hac vice*)

Daniel C. Girard (*pro hac vice*)
Jonathan K. Levine (JL-8390)
Aaron M. Sheanin (*pro hac vice*)
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Attorneys for Individual and Representative Plaintiff Shary Everett and Class Members Tom Everett and Candace Bentley

## CERTIFICATE OF SERVICE

I, A. J. De Bartolomeo, hereby certify that on July 14, 2008, I caused the following document(s) to be filed electronically with the United States District Court for the Southern District of New York through the Court's mandated ECF service:

**1. MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE TO FILE [PROPOSED] FIRST AMENDED CLASS ACTION COMPLAINT**

Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the document(s) upon confirmation of e-filing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of July, 2008 at San Francisco, California.

*/s/ A. J. De Bartolomeo*