MUNGER, TOLLES & OLSON LLP
Henry Weissmann (*pro hac vice*)
Kristin S. Escalante (*pro hac vice*)
355 S. Grand Avenue 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9570
Facsimile:   (213) 687-3702
Henry.Weissmann@mto.com
Kristin.Escalante@mto.com

WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (AP3629)
Lydia Protopapas
700 Louisiana, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile:   (713) 224-9511

Attorneys for Defendant VERIZON BUSINESS GLOBAL LLC f/k/a MCI, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHARY and TOM EVERETT et al.<br><br>Plaintiffs,<br><br>-against-<br><br>VERIZON BUSINESS GLOBAL, LLC, a Delaware Corporation, f/k/a MCI, Inc.,<br><br>Defendant. | CASE NO. 07 Civ. 9590 (DC)<br><br>**ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT** |

Defendant Verizon Business Global, LLC, a/k/a MCI LLC, f/k/a MCI, Inc. ("MCI") by and through its counsel of record, hereby answers the First Amended Class Action Complaint ("Complaint") of Plaintiffs Tom and Shary Everett and Candace Bentley as follows:

5660772.2

## JURISDICTION AND VENUE

1. Paragraph 1 consists of legal conclusions for which no response is required. To the extent a response is required, MCI admits that this court has subject matter jurisdiction over this action. Except as so expressly admitted, MCI denies each and every allegation in paragraph 1.

2. Answering paragraph 2, MCI admits that Shary Everett filed *Everett v. MCI, Inc.*, Case No. 05-2122-PHX-ROS in the United States District Court for the District of Arizona on July 18, 2005 ("Arizona action") and that the action was transferred to the United States Bankruptcy Court for the Southern District of New York upon MCI's motion. To the extent that paragraph 2 contains legal conclusions, no response is required. Except as so expressly admitted, MCI denies each and every allegation in paragraph 2.

## NATURE OF CASE

3. MCI denies each and every allegation in paragraph 3.

4. MCI denies each and every allegation in paragraph 4.

5. Answering paragraph 5, MCI admits that the plaintiffs purport to bring claims under the Communications Act and for unjust enrichment. Except as so expressly admitted, MCI denies each and every allegation in paragraph 5.

## THE PARTIES

6. MCI is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6, and on that basis denies each and every allegation contained in that paragraph.

7. MCI is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7, and on that basis denies each and every allegation contained in that paragraph.

8.  MCI admits that Verizon Business Global, LLC, formerly known as MCI LLC, is the successor-in-interest to MCI, Inc., the defendant in the Arizona action, and that Verizon Business Global LLC is a Delaware corporation with its principal place of business at One Basking Ridge Way, Basking Ridge, New Jersey. Except as so expressly admitted, MCI denies each and every allegation in paragraph 8.

## SUBSTANTIVE ALLEGATIONS

9.  Answering paragraph 9, MCI admits that at all relevant times, MCI's relationships with long distance customers were governed in part by tariffs filed with the Federal Communications Commission, and that prior to April 1, 2002, the FCC instituted detariffing for certain long distance services. MCI further admits that the authority cited contains the quoted language. To the extent paragraph 9 contains legal conclusions (such as in the characterization of the quoted language), no response is required. Except as so expressly admitted, MCI denies each and every allegation in paragraph 9.

10. Answering paragraph 10, MCI admits that as of April 1, 2002, MCI provided long distance services to certain of its customers under the terms of a standardized General Services Agreement for Residential Customers ("GSA"); that the terms of the GSA were amended from time to time; and that some versions of the GSA included the quoted language. To the extent paragraph 10 contains legal conclusions (such as in the characterization of the quoted language), no response is required. Except as so expressly admitted, MCI denies each and every allegation in paragraph 10.

11. Paragraph 11 consists of legal conclusions for which no response is required. To the extent paragraph 11 may be construed as containing allegations for which a response is required, MCI denies each and every allegation in the paragraph.

12. Answering paragraph 12, MCI admits that consumers of telephone services are sometimes called "end-users"; that local exchange carriers provide local service and that primary interexchange carriers provide long-distance service to certain end-users; and that local exchange carriers must maintain records identifying the primary-exchange carrier networks to which their local customers are assigned. To the extent paragraph 12 contains legal conclusions, no response is required. Except as expressly admitted, MCI denies each and every allegation in paragraph 12.

13. Answering paragraph 13, MCI admits that LECs transmit electronic data regarding end-users assigned to MCI's long distance network; and that MCI relies on such data in establishing accounts for such end-users. Except as expressly admitted, MCI denies each and every allegation in paragraph 13.

14. Answering paragraph 14, MCI admits that during the purported "class period," MCI received data from LECs informing MCI of the end-users who had been assigned to MCI's long-distance network. Except as expressly admitted, MCI denies each and every allegation in paragraph 14.

15. Answering paragraph 15, MCI admits that it has received LEC data containing errors, but denies that such errors occurred often. Except as expressly admitted, MCI denies each and every allegation in paragraph 15.

16. Answering paragraph 16, MCI admits that MCI established accounts for certain end-users after receiving notification from a LEC that an end-user had been assigned to MCI's long-distance network, and that certain end-users who did not select an optional billing plan were provided with and billed for Basic Interstate Dial 1 service. Except as expressly admitted, MCI denies each and every allegation in paragraph 16.

17. Answering paragraph 17, MCI admits that in 2002 it established a $3 monthly minimum fee for its Basic Interstate Dial 1 service; that the minimum fee applied in months in which a customer's total usage charges would have been less than $3 if billed on a call-by-call rate; and that MCI expected the minimum monthly fees to generate millions of dollars in revenues. Except as expressly admitted, MCI denies each and every allegation in paragraph 17.

18. Answering paragraph 18, MCI admits that the monthly minimum fees applied to Basic Dial-1 customers who had not enrolled in an optional calling plan and who did not make any long distance calls during the monthly billing period. Except as expressly admitted, MCI denies each and every allegation in paragraph 18.

19. Answering paragraph 19, MCI admits that the quoted words appear in an document from the files of an MCI employee. Except as expressly admitted, MCI denies each and every allegation in paragraph 19.

20. Answering paragraph 20, MCI admits that MCI implemented the monthly minimum monthly fee for its Basic Interstate Dial 1 service in June 2002; that the minimum monthly fee was subsequently increased; and that MCI subsequently implemented a monthly recurring charge that applied to all customers receiving Basic Interstate Dial 1 service. Except as expressly admitted, MCI denies each and every allegation in paragraph 20.

21. MCI denies each and every allegation in paragraph 21.

22. MCI denies each and every allegation in paragraph 22.

23. MCI denies each and every allegation in paragraph 23.

24. MCI denies each and every allegation in paragraph 24.

25. Answering paragraph 25, MCI admits that in December 2002 and January 2003, plaintiff Tom Everett had a local telephone service account with Qwest Communications. Except as expressly admitted, MCI denies each and every allegation in paragraph 25.

26. MCI denies each and every allegation in paragraph 26.

27. MCI is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 27, on that basis denies each and every allegation contained in that sentence. MCI denies each and every allegation in the second sentence of paragraph 27.

28. Answering paragraph 28, MCI admits that in December 2002, MCI was informed by Qwest Communications that Mr. Everett had been assigned to MCI's long distance network; and that MCI billed Mr. Everett for Basic Dial 1 service in January and February 2003. Except as expressly admitted, MCI denies each and every allegation in paragraph 28.

29. MCI denies each and every allegation in paragraph 29.

30. Answering paragraph 30, MCI admits that in or around March 2003, MCI sent Mr. Everett a past-due notice for the January and February 2003 bills; and that the notice stated that the failure to pay could result in collection activity. Except as expressly admitted, MCI denies each and every allegation in paragraph 30.

31. Answering paragraph 31, MCI admits that shortly after April 10, 2003, it received a payment in the amount of $9.88, which covered all outstanding charges on the Everett account. Except as expressly admitted, MCI denies each and every allegation in paragraph 31.

32. MCI denies each and every allegation in paragraph 32.

33. Answering paragraph 33, MCI admits that in September 2005, MCI issued a credit to Mr. Everett for $9.88, and that the credit posted to the Everett's local telephone account in 2006. Except as expressly admitted, MCI denies each and every allegation in paragraph 33.

34. MCI is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34, and on that basis denies each and every allegation contained in that paragraph.

35. MCI denies each and every allegation in paragraph 35.

36. Answering paragraph 36, MCI admits that on or around July 2004, MCI received notification from a LEC that a particular telephone number had been assigned to MCI's long distance network; that MCI had an open account for intralata service for that number in Ms. Bentley's name; that MCI thereafter billed Ms. Bentley for Dial 1 service at the address on the account; and that Ms. Bentley did not pay the bills. MCI is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 36, and thus, except as expressly admitted, MCI denies each and every allegation in paragraph 36.

37. Answering paragraph 37, MCI admits that Ms. Bentley's failure to pay the bills was reported to credit reporting companies. MCI is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 36, and thus, except as expressly admitted, MCI denies each and every allegation in paragraph 36.

38. MCI denies each and every allegation in paragraph 38.

39. Paragraph 39 consists of legal conclusions and does not require a response. To the extent paragraph 39 is construed to contain allegations requiring a response, MCI denies each and every allegation in paragraph 39.

40. MCI denies each and every allegation in paragraph 40.

41. MCI denies each and every allegation in paragraph 41.

42. MCI denies each and every allegation in paragraph 42.

43. MCI denies each and every allegation in paragraph 43.

44. MCI denies each and every allegation in paragraph 44.

45. Paragraph 45 contains legal conclusions that do not require a response. To the extent paragraph 45 contains allegations requiring a response, MCI denies each and every allegation in paragraph 45.

46. MCI denies each and every allegation in paragraph 46.

## FIRST CAUSE OF ACTION

47. Answering paragraph 47, MCI incorporates by reference each of its responses to the foregoing paragraphs as though set forth in full herein.

48. To the extent paragraph 48 can be construed to contain allegations requiring a response, MCI denies each and every allegation in paragraph 48.

49. Paragraph 49 consists of legal conclusions and does not require a response.

50. Paragraph 50 consists of legal conclusions and does not require a response. To the extent paragraph 50 can be construed to contain allegations requiring a response, MCI denies each and every allegation in paragraph 50.

51. Paragraph 51 consists of legal conclusions and does not require a response. To the extent paragraph 51 can be construed to contain allegations requiring a response, MCI denies each and every allegation in paragraph 51.

52. MCI denies each and every allegation in paragraph 52.

53. MCI denies each and every allegation in paragraph 53.

54. MCI denies each and every allegation in paragraph 54.

## SECOND CAUSE OF ACTION

55. Answering paragraph 55, MCI incorporates by reference each of its responses to the foregoing paragraphs as though set forth in full herein.

56. To the extent paragraph 56 can be construed to contain allegations requiring a response, MCI denies each and every allegation in paragraph 56.

57. Paragraph 57 consists of legal conclusions and does not require a response.

58. MCI denies each and every allegation in paragraph 58.

59. MCI denies each and every allegation in paragraph 59.

60. MCI denies each and every allegation in paragraph 60.

61. MCI denies each and every allegation in paragraph 61.

## THIRD CAUSE OF ACTION

62. Answering paragraph 62, MCI incorporates by reference each of its responses to the foregoing paragraphs as though set forth in full herein.

63. To the extent paragraph 63 contains allegations requiring a response, MCI denies each and every allegation in paragraph 63.

64. MCI denies each and every allegation in paragraph 64.

65. MCI denies each and every allegation in paragraph 65.

66. MCI denies each and every allegation in paragraph 66.

67. MCI denies each and every allegation in paragraph 67.

## AFFIRMATIVE DEFENSES

MCI sets forth below its affirmative defenses. Unless otherwise noted, each defense is asserted as to all causes of action against MCI. By setting forth these affirmative defenses, MCI does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint (and each cause of action alleged therein) fails to state facts sufficient to constitute a cause of action against MCI.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or part, by federal statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by common law and state law statutes of limitation.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they were discharged in bankruptcy proceedings.

## FIFTH AFFIRMATIVE DEFENSE

To the extent plaintiffs seek recovery of attorneys' fee, such fees are not recoverable, and thus any claim for attorneys' fees is barred.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the settlement or accord and satisfaction of plaintiffs' claims.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata and collateral estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of voluntary payment.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because MCI's conduct has at all times been undertaken with legitimate business justification and in reasonable and good faith belief in the lawfulness of its actions.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or part, by the filed tariff and/or filed rate doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because plaintiffs (a) failed to exercise ordinary and reasonable care on their own behalf; (b) intentionally or recklessly disregarded their own interests, through action or inaction; and/or (c) otherwise committed wrongdoing, and such acts and omissions were the proximate cause of all or

some of their alleged injuries, thus barring them, in whole or in part, from recovering any amounts in this action.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to take reasonable steps to mitigate, alter, reduce or otherwise diminish their alleged damages, and accordingly, are barred from recovery of any damages that might have been prevented by such mitigation.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the election of remedies under 47 U.S.C. § 207.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for equitable relief are barred, in whole or in part, because plaintiffs have an adequate remedy at law for any damages resulting from the actions alleged in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

The damages, if any, that were allegedly sustained by plaintiffs as a result of the acts alleged in the Complaint were caused, in whole or in part, or were contributed to by reason of the acts, omissions, negligence and/or intentional misconduct of third parties over which MCI had no control, and plaintiffs are not entitled to recover any such damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because plaintiffs are not proper representatives to bring this action on behalf of the general public or the proposed class.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff are barred from seeking class certification because common question of law and fact do not predominate.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from seeking class certification because plaintiffs' claims are not typical of the class.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or part, by the doctrine of equitable estoppel.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Supremacy Clause of the United States Constitution, article VI, Section 2, because those claims are preempted and/or precluded by federal law, including but not limited to, the Communications Act.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the relief sought conflicts with the rules, regulations and orders of the Federal Communications Commission.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the claims are moot.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they lack standing.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

MCI reserves the right to plead any additional, separate defenses, the availability of which may come to light as the action progresses.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

On information and belief, MCI alleges that members of the putative class are subject to affirmative defenses identical or similar to, or in addition to, those set forth in the foregoing affirmative defenses of this Answer. If the case goes forward and a class action, and upon further factual development and identification of putative class members with more precision, MCI will state by supplemental disclosure any additional affirmative defenses that may be applicable to each putative class member.

WHEREFORE, MCI prays for judgment as follows:

68. That Plaintiff takes nothing by way of the Complaint;

69. That class certification be denied.

70. That the Complaint be dismissed with prejudice and judgment entered in favor of MCI

71. That MCI be awarded its costs, disbursements and attorneys' fees in this action; and

72. For such other and further relief as this Court deems just and proper.

Dated: August 1, 2008

MUNGER, TOLLES & OLSON LLP

/s/
_____
Kristin S. Escalante (*pro hac vice*)

MUNGER, TOLLES & OLSON LLP
Henry Weissmann (*pro hac vice*)
Kristin S. Escalante (*pro hac vice*)
355 S. Grand Avenue 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9570
Facsimile:  (213) 687-3702

WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (AP3629)
Lydia Protopapas

700 Louisiana, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Attorneys for Defendants VERIZON BUSINESS GLOBAL LLC f/k/a MCI, Inc.