UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHARY and TOM EVERETT, and CANDACE BENTLEY, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>VERIZON BUSINESS GLOBAL, LLC, a Delaware Corporation, f/k/a MCI, Inc.<br><br>   Defendant. | No. 07 Civ. 9590 (DC) |

**MOTION FOR LEAVE TO FILE DOCUMENTS CONDITIONALLY UNDER SEAL PURSUANT TO PROTECTIVE ORDER DATED MARCH 5, 2007 IN OPPOSITION TO MCI'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT AND TO STRIKE CLASS ALLEGATIONS**

Plaintiffs Shary and Tom Everett and Candace Bentley request leave of Court to file the following documents conditionally under seal because they have been designated confidential by Defendant Verizon Business Global, LLC pursuant to the March 5, 2007 Protective Order issued in this case by the United States District Court for the District of Arizona ("Protective Order"):

- Declaration Of A. J. De Bartolomeo In Opposition To MCI's Motion For Summary Judgment, Or, In The Alternative, Motion For Partial Summary Judgment And To Strike Class Allegations, and Exhibits A, B, K, L, M, N and S thereto;

- Memorandum Of Law In Opposition To MCI's Motion For Summary Judgment, Or, In The Alternative, Motion For Partial Summary Judgment And To Strike Class Allegations; and

- Plaintiffs' Local Rule 56.1 Statement In Opposition To MCI's Motion For Summary Judgment, Or, In The Alternative, Motion For Partial Summary Judgment And To Strike Class Allegations; And Plaintiffs' Local Rule 56.1(B) Statement Of Additional Material Facts As To Which Plaintiffs Contend That Genuine Issues Exist For Trial.

Plaintiffs are electronically filing redacted copies of the above-listed documents. Plaintiffs are also lodging with the Court unredacted copies of the above-listed documents in a sealed envelope pursuant to §§ 6 at 18 of the Court's Electronic Case Filing Rules and Instructions.

Pursuant to Section 4 of the Protective Order, within ten (10) days of service of this motion (or within such other time as may be ordered by the Court) Defendant may file a motion to maintain the sealing of these documents.

A true and correct copy of the March 5, 2007 Protective Order is attached hereto as **Exhibit 1**.

Dated: November 18, 2008

Respectfully submitted,

**GIRARD GIBBS LLP**

/s/ A. J. De Bartolomeo
A. J. De Bartolomeo (*pro hac vice*)

Daniel C. Girard (*pro hac vice*)
Aaron M. Sheanin (*pro hac vice*)
Jonathan K. Levine (JL-8390)
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Attorneys for Individual and Representative Plaintiffs Shary and Tom Everett and Candace Bentley

**CERTIFICATE OF SERVICE**

I, A. J. De Bartolomeo, hereby certify that on November 18, 2008, I caused the following document(s) to be filed electronically with the United States District Court for the Southern District of New York through the Court's mandated ECF service:

1. **MOTION FOR LEAVE TO FILE DOCUMENTS CONDITIONALLY UNDER SEAL PURSUANT TO PROTECTIVE ORDER DATED MARCH 5, 2007 IN OPPOSITION TO MCI'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT AND TO STRIKE CLASS ALLEGATIONS**

Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the document(s) upon confirmation of e-filing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of November, 2008 at San Francisco, California.

                                                   */s/ A. J. De Bartolomeo*

EXHIBIT 1

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| SHARY EVERETT, on behalf of herself and all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>MCI, INC., a Delaware Corporation,<br><br>Defendant. | Case No. CV 05-2122-PHX-ROS<br><br>**PROTECTIVE ORDER** |

Pursuant to stipulation by the parties,

**IT IS ORDERED THAT** the procedures described in the following Protective Order and Confidentiality Agreement shall apply to the disclosure of information, documents, or things in this litigation:

1. **CONFIDENTIAL INFORMATION.**

    A)  As used in this Protective Order, "confidential" or "confidential information" shall mean any information, document, or thing that a party (the "designating party") furnishes in the course of this litigation and in good faith designates as confidential information pursuant to sections 1(B) to (D) below.

1    B) A party may designate its answers to interrogatories, responses to requests for
2  admissions, any documents produced in response to a request for production of documents,
3  subpoena duces tecum, or otherwise, or any other information provided by it as confidential
4  information by stamping the word "confidential" upon the first page of the document, taking
5  care to avoid obscuring any text with the legend, before providing it to the opposing party.
6  Information marked confidential shall not be utilized or disclosed by a receiving party (the
7  "recipient party"), its agents, or its employees, except in accordance with the terms of this
8  confidentiality order.

9    C) In the case of confidential information in a non-paper medium, e.g., video or audio
10 tape, computer discs, CD-roms, DVDs, etc., a party may designate all or a portion of the
11 information therein as confidential by affixing a legend stating the same to the outside of the
12 medium or container and identifying the information so designated.

13   D) To designate a portion of a deposition transcript as confidential, a designating
14 party may either make a statement on the record to that effect or must, within a reasonable time
15 after the deposition transcript is delivered to the designating party, provide to all counsel written
16 notice identifying the specific portion (page and line(s)) of the deposition transcript that counsel
17 for the designating party in good faith believes to contain confidential information. The
18 portions so designated shall not be utilized or disclosed by the other party, its agents, or its
19 employees, except in accordance with the terms of this confidentiality order. All parties shall
20 mark their copies of the transcript by stamping the word "confidential" upon those portions so
21 designated.

22   E) Documents, testimony, evidence, and other matters shall not be deemed
23 confidential information if the substance of the documents, testimony, evidence, or matter:

24      (i) Does not constitute (a) a trade secret, (b) other confidential research,
25   development or commercial information, or (c) financially-sensitive personal
26   information; or

27      (ii) Is, at the time of disclosure by the designating party, already in the
28   possession of the recipient party and was not acquired from the designating party; or

1          (iii)    Has been made available to the recipient party, other than through
2  the discovery process, by a third party who obtained the same by legal means without any
3  obligation of confidence to the designating party.
4      F)    Confidential information shall not be disclosed to any persons other than:
5          (i)    The attorneys for the recipient party in this litigation, including the
6  paralegal and clerical staff (whether employees or independent contractors) who are
7  assisting in the litigation;
8          (ii)    The recipient party and officers, directors and/or employees of the
9  recipient party who have direct responsibility for assisting such counsel in the preparation
10 and trial of the action;
11         (iii)    Court reporters, court officials, and the jury involved in this
12 litigation;
13         (iv)    Experts, consultants, and investigators and their staff who are
14 retained by a party for purposes relating to this litigation and who have executed a
15 Confidentiality Agreement in the form attached as Exhibit A; and
16         (v)    Any other non-party witnesses or deponents who have executed a
17 Confidentiality Agreement in the form attached as Exhibit A, or deponents who agree on
18 the record to maintain the confidentiality of the material.
19     Confidential information received by any of the persons in the categories listed above
20 shall be used only for purposes of prosecuting, defending or attempting to settle this litigation
21 and for no other purposes. Nothing in this Protective Order shall prevent the designating party
22 from any use of its own confidential documents.
23     Confidential information may not be disclosed to the persons described in category (iv)
24 and (v), above, unless the disclosing party determines in good faith that the disclosure is
25 necessary for the purpose of developing the testimony, analysis or investigation of such persons.
26 Confidential information provided to a receiving party shall be securely maintained in the
27 offices of that party's outside counsel in a manner reasonably designed to protect the
28 confidentiality of the material.

G) Confidential information may be copied, reproduced or summarized only to the extent reasonably necessary for the conduct of this litigation. All such copies, reproductions or summaries shall be subject to the terms of this Protective Order to the same extent as the information or documents from which the copies, reproductions or summaries are made, and must be clearly labeled as containing confidential information.

H) If the Court orders that access to or dissemination of confidential information shall be made to persons not included in paragraph 1(F) above, such confidential information shall only be accessible to, or disseminated to, such persons after they have executed a Confidentiality Agreement in the form attached as Exhibit A, unless the Court rules otherwise.

**2. NO WAIVER.**

The disclosure of confidential information pursuant to discovery or the procedures set forth in this confidentiality order shall not constitute a waiver of any trade secret or any intellectual property, proprietary, privacy or other rights to or in such information.

**3. USE IN DEPOSITIONS.**

Material designated as confidential may be used at a deposition if: a) the counsel for the party using such material advises the witness of the terms of this confidentiality stipulation and the witness agrees on the record to maintain the confidentiality of the material; or b) the witness executes the confidentiality agreement in the form of Exhibit A. If the witness declines to execute the confidentiality agreement or otherwise maintain the confidentiality of the material, the party seeking to use such confidential information must obtain permission from the designating party or leave from the court before disclosing the material to the witness.

**4. USE IN BRIEFS AND AS EXHIBITS.**

If the recipient party files or seeks to file materials subject to this Protective Order with the Court, the protected material shall be submitted to the Clerk of the Court either in an envelope marked "CONDITIONALLY SEALED PURSUANT TO ORDER OF COURT DATED ," or otherwise in accordance with the Court's electronic filing procedures for filing conditionally sealed documents. The filing party shall simultaneously file a motion to

1  conditionally seal the records pending further order of the Court (hereinafter the "Interim
2  Sealing Motion"). If the designating party is not a party to this litigation, written notice of the
3  filing must be provided to such party. Within ten days of the service of the Interim Sealing
4  Motion (or within such other time as may be ordered by the Court), the designating party may
5  file a motion to maintain the sealing of the records. The filing of the Interim Sealing Motion
6  shall be without prejudice to the filing party's rights under ¶6 of this Order to challenge the
7  designation of the materials as confidential.

8  **5.      APPLICATION OF THIS CONFIDENTIALITY ORDER.**

9       A)    This Protective Order shall apply to all discovery responses or papers, deposition
10 transcripts, summaries, notes, abstracts, or other documents or information that comprise,
11 embody, or summarize any documents or information, in any form, produced in this litigation
12 that contain confidential information.

13      B)    Nothing in this Protective Order shall affect the admissibility into evidence of
14 confidential information, or abridge the rights of any party to seek judicial review or to pursue
15 other appropriate judicial action with respect to any ruling made by the Court concerning the
16 status of confidential information. Agreement to the terms of this Protective Order is without
17 prejudice to a party's right to request that the Court rescind, modify, alter, or amend this Order
18 with respect to specific documents or information.

**6. CONFIDENTIALITY CHALLENGE.**

A party may object to the designation of particular confidential information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection informally within a reasonable time after such notice is given, the party challenging the designation may, as appropriate under the Court's individual practices, ask the Court via telephonic discovery dispute conference or formal motion for an order requiring disclosure of and/or access to the information without restriction. In connection with a telephonic discovery dispute conference or formal motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

**7. CONFIDENTIAL INFORMATION AT TRIAL.**

The designation of any information, documents, or things as confidential pursuant to this Protective Order shall not, in and of itself, raise any inference as to the confidentiality of any information, documents, exhibits, or things marked for identification purposes or introduced into evidence at the trial of this litigation. Nothing in this Protective Order, however, shall preclude any party from seeking confidential treatment from the Court with respect to such information, documents, exhibits, or things or from raising any available objections, including without limitation objections concerning admissibility, materiality, and privilege. The parties to this Protective Order expressly reserve at this time a determination as to the manner in which confidential information may be used in an evidentiary hearing or at trial. Special procedures or in camera treatment, if any, shall be determined in the future.

1  **8.   SPECIFIC DISCLOSURE.**

2  By joint agreement, the parties, through their counsel, may agree to any specific
3  disclosure of confidential information in a particular circumstance without prejudice to the
4  continued application of this Protective Order regarding other uses of that confidential
5  information.

6  **9.   NON-PARTIES.**

7  A non-party who produces any information, documents or things in this litigation that it
8  wishes to be treated as confidential may become a party to the Protective Order, by signing a
9  copy of it and giving prompt notice to all other parties in this case, but doing so shall not entitle
10  the non-party to have access to discovery materials or confidential information of a party. A
11  non-party may also designate as confidential any information, documents, or things produced by
12  that third-party in this litigation pursuant to the terms of this Protective Order.

13  **10.   RETURN OR DESTRUCTION OF CONFIDENTIAL INFORMATION.**

14  After final disposition of this case, whether by judgment, settlement, or otherwise,
15  counsel of record for each party shall either return to the producing party or destroy all
16  confidential information the opposing party and non-parties produced during this case in
17  accordance with this order, and all copies of such confidential information, within a reasonable
18  time after final disposition.

19  Dated this 5th day of March, 2007.

20
21
22
23
24                                       _____
                                         Roslyn O. Silver
25                                       United States District Judge
26
27
28

---

7

# EXHIBIT A

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| SHARY EVERETT, on behalf of herself and all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>MCI, INC., a Delaware Corporation,<br><br>Defendant. | Case No.  CIV 05-2122-PHX-ROS<br><br><br>**CONFIDENTIALITY AGREEMENT** |

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____, 2007 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court, District of Arizona in matters relating to the Protective Order, and understands that the terms of the Protective Order obligate him/her to use confidential information in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern.

1

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of Court.

Name:_____

Job Title:_____

Employer:_____

Business Address:_____

_____

_____

Date:_____

_____
Printed Name

_____
Signature